ORIGINAL

# In the United States Court of Federal Claims

No. 17-1103C
Filed August 30, 2017
NOT FOR PUBLICATION

**FILED**

AUG 3 0 2017

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| CLARENCE SCRANAGE, JR.,  )  <br> )  <br> Plaintiff,  )  <br> )  <br> v.  )  <br> )  <br> THE UNITED STATES,  )  <br> )  <br> Defendant.  )  <br> ) | *Pro Se*; Rule 12(h)(3), Subject-Matter Jurisdiction; Criminal Law; 18 U.S.C. §§ 241 and 242. |

*Clarence Scranage, Jr.,* King George, VA, plaintiff *pro se*.

*Mollie Lenore Finnan*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I.   INTRODUCTION

Plaintiff *pro se*, Clarence Scranage, Jr., M.D., brought this action challenging his arrest, criminal conviction, and expected sentence to incarceration by the United States District Court for the Eastern District of Virginia. Compl. at 1; *see also* Ex. A to Compl. For the reasons set forth below, the Court **DISMISSES** the complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff *pro se*, Clarence Scranage, Jr., M.D., commenced this action on August 14, 2017. *See generally* Compl. Plaintiff was a physician who held a medical license in the state of Virginia. *See* Ex. A to Compl. at 1-2; *see also United States v. Scranage, et al.*, No. 3:17-cr-023 (E.D. Va. Feb. 21, 2017) (indictment).

In February 2017, plaintiff was indicted and arrested for violating the Controlled Substances Act, 21 U.S.C. § 801, *et. seq. See* Compl. at 1; *see generally* Ex. A to Compl.; *United States v. Scranage, et al.*, No. 3:17-cr-023 (E.D. Va. Feb. 21, 2017) (indictment). Subsequently, plaintiff was placed on house arrest and required to wear an ankle bracelet. *Id.*

On August 10, 2017, a federal jury found plaintiff guilty of conspiracy to possess with intent to distribute and to dispense oxycodone, in violation of the Controlled Substances Act. *See United States v. Scranage*, No. 3:17-cr-023 (E.D. Va. Aug. 10, 2017) (verdict). Plaintiff's sentencing hearing before the district court is scheduled for November 17, 2017. *See United States v. Scranage*, No. 3:17-cr-023 (E.D. Va. Aug. 10, 2017) (sentencing guideline order).

Plaintiff's complaint is difficult to follow. *See generally* Compl. But, it appears that the gravamen of plaintiff's complaint is a challenge of his arrest, criminal conviction, and expected sentence to incarceration by the United States District Court of the Eastern District of Virginia. *See generally id.*; *see also* Ex. A to Compl.; *United States v. Scranage, et al.*, No. 3:17-cr-023 (E.D. Va. Feb. 21, 2017) (indictment). In the complaint, plaintiff alleges that, "[a]round February 2017, [he] was indicted and arrested and release[d] to the custody of [his] mother under house arrest with ankle bracelet monitoring." Compl. at 1. Plaintiff further alleges that he has

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint and the exhibits attached thereto ("Compl."), the indictment of the United States District Court for the Eastern District of Virginia, in plaintiff's criminal case, (*United States v. Scranage, et al.*, No. 3:17-cr-023 (E.D. Va. Feb. 21, 2017); the verdict of the United States District Court for the Eastern District of Virginia, in plaintiff's criminal case, (*United States v. Scranage*, No. 3:17-cr-023 (E.D. Va. Aug. 10, 2017)); and the sentencing guideline order of the United States District Court for the Eastern District of Virginia (*United States v. Scranage*, No. 3:17-cr-023 (E.D. Va. Aug. 10, 2017), in plaintiff's criminal case. Except where otherwise noted, the facts recited herein are undisputed.

"been injured mentally, through emotional distress and financially because [he has] not been able to work in [his] profession." *Id.*

Plaintiff also alleges that he has "been deprived of [his] freedom to what amounts to acts of color of law." *Id.* And so, plaintiff seeks judicial review of the circumstances surrounding his arrest, conviction, and expected sentence to incarceration. *Id.* at 1-2.

### B. Procedural Background

Plaintiff filed the complaint in this matter on August 14, 2017. *See generally* Compl.

## III.   STANDARDS OF REVIEW

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *See Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)).

When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers."); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) ("In considering the dismissal of a *pro se* complaint, the pleading is held 'to less stringent standards than formal pleadings drafted by lawyers.'"). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (brackets existing; internal quotation marks omitted). And so, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citations omitted). Given this, the Court may excuse ambiguities, but not defects, in the complaint. *See Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with

respect to mere formalities does not relieve them of jurisdictional requirements.") (citation omitted).

## B. Jurisdiction And RCFC 12(h)(3)

It is well-established that this Court's subject-matter jurisdiction must be established before it addresses the merits of a claim. *Plains Comm. Bank v. Long Family Land & Cattle Co., Inc.*, 554 U.S. 316, 324 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)) (holding that subject-matter jurisdiction is "a threshold question that must be resolved . . . before proceeding to the merits"). In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012).

The Tucker Act, however, is a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008) (citations omitted); *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (first brackets supplied) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Specifically relevant to this matter, it is well-established that the Court does not possess jurisdiction to review, or to consider criminal matters. *See Cooper v. United States*, 104 Fed. Cl. 306, 311-12 (2012) (holding that this Court cannot review criminal matters). It is also well-established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (citation omitted). And so, "a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc., v. OEA Inc.*, 269 F.3d 1340, 1342-43 (Fed. Cir. 2001) (citations omitted).

In addition, "[a] court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). To that end, the Court may not allow any matter to proceed that alleges a basis for jurisdiction "'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Kroll v. Finnerty*, 242 F.3d 1359, 1362 (Fed. Cir. 2001) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). And so, should the Court determine at any stage during litigation that it lacks subject-matter jurisdiction, the Court must dismiss the action. RCFC 12(h)(3).

## IV.   DISCUSSION

### A.  The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

The Court does not possess subject-matter jurisdiction to consider plaintiff's challenge of his criminal conviction and expected sentence to incarceration. And so, the Court must dismiss this matter for lack of subject-matter jurisdiction. RCFC 12(h)(3).

As an initial matter, it is well-established that this Court does not possess subject-matter jurisdiction to review, or to consider criminal matters. *See Cooper*, 104 Fed. Cl. at 311-12 (holding that this Court cannot review criminal matters). A careful reading of the complaint demonstrates that plaintiff is seeking a review of his criminal conviction and expected sentence to incarceration by the United States District Court for the Eastern District of Virginia. *See generally* Complaint. Because the gravamen of plaintiff's complaint is a challenge to his

criminal conviction and the conditions of his incarceration, the Court does not possess subject-matter jurisdiction to consider plaintiff's claims and the Court must dismiss the complaint. RCFC 12(h)(3).

In addition, to the extent that plaintiff alleges other criminal law claims in the complaint, the Court is similarly without jurisdiction to entertain such claims. *See Khalil v. United States*, 2017 WL 3276883 (Fed. Cl. 2017). In the complaint, plaintiff alleges that he has "been deprived of [his] freedom to what amounts to acts of color of law" and he cites to two criminal statutes—18 U.S.C. § 241 (2012) (Conspiracy against rights) and 18 U.S.C. § 242 (2012) (Deprivation of rights under color of law). Compl. at 1. This Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Khalil*, 2017 WL 3276883 at *1 (Fed. Cl. 2017) (quoting *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)). And so, the Court must also dismiss these claims. RCFC 12(h)(3).

The Court is also without jurisdiction to consider plaintiff's tort claim. In the complaint, plaintiff alleges that he "has been injured mentally, through emotional distress and financially" because of his house arrest and conviction. Compl. at 1. But again, it is well-established that the Court may not consider such a claim under the Tucker Act. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (holding that this Court lacks jurisdiction to consider tort claims.). Indeed, "the Tucker Act itself confirms the exclusion [of tort claims] by its provision limiting the Court of Federal Claims' jurisdiction to 'cases not sounding in tort.'" *Robeto v. United States*, 634 Fed. App'x 306, 308 (Fed. Cir.2015) (citing *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1363, 1366 (Fed. Cir. 2013)). And so, the Court must similarly dismiss this claim. RCFC 12(h)(3).

### B. Transfer Of This Matter To Another Court Is Not In The Interest Of Justice

Lastly, a careful review of the complaint also makes clear that it is not in the interest of justice to transfer plaintiff's complaint to a district court. *See* 28 U.S.C. § 1631 (2012); *see also Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction). Title 28, United States Code, Section 1631 provides, in pertinent part, that:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .

28 U.S.C. § 1631; *see also* 28 U.S.C. § 610 (2012) (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade"). The United States Court of Appeals for the Federal Circuit has also held that "[t]he phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (quoting *Zinger Const. Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)). And so, "[a] decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer "would nevertheless be futile given the weakness of plaintiff's case on the merits."'" *Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011) (second brackets existing) (quoting *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999)).

The complaint in this case shows that plaintiff is dissatisfied with the fact that he has been convicted of a federal criminal offense and that he will be sentenced to incarceration. However, plaintiff has not raised a nonfrivolous claim that warrants a decision on the merits. And so, the Court concludes that a transfer of this matter to a district court would be futile and not in the interest of justice.[3]

---

[3] Plaintiff has not paid the Court's filing fee, nor has plaintiff filed a motion to proceed *in forma pauperis*.

## V.   CONCLUSION

In sum, when construed in the light most favorable to plaintiff, a plain reading of the complaint demonstrates that the Court does not possesses subject-matter jurisdiction to consider plaintiff's claims.  And so, the Court must dismiss the complaint for lack of subject-matter jurisdiction.  RCFC 12(h)(3).

For the foregoing reasons, the Court **DISMISSES** the complaint.

The Clerk's Office is directed to **ENTER** final judgment accordingly.

No Costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge